IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY P. STORMS, | ) | |
| | ) | Civil Action No. 14-554 |
| Petitioner, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| v. | ) | ECF No. 7 |
| SUPERINTENDANT MARK | ) | |
| CAPOZZA and THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Pending before the Court is Petitioner's Motion for Discovery. A Response has been filed by Petitioners. The broad discovery provisions of the Federal Rules of Civil Procedure do not apply in habeas proceedings. Harris v. Nelson, 394 U.S. 286, 295 (1969). Thus, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). To this end, the Rules Governing Section 2254 Cases in the United States District Courts were developed. Relevant to this case is Rule 6(a), which provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To determine whether discovery is appropriate, a court must consider the petitioner's claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." Bracy, 520 U.S. at 904, 908–09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).[1]

---

1. Moreover, the United States Supreme Court recently held that, for claims previously decided on the merits by a state court, the Court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The Supreme Court also noted that "[a]lthough state prisoners may

At this juncture, following a review of the Petition, the discovery request an d the response, the Court does not believe that discovery is warranted. Should the Court determine that an evidentiary hearing is necessary this request will be reconsidered.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

August 22, 2014
Date

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Timothy P. Storms
GH – 3842
P.O. Box 99991
Pittsburgh, PA 15233

---

sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Id.* at 1401. Thus, pursuant to Pinholster, it may not serve the interests of judicial economy to consider allowing discovery prior to conducting a review under § 2254(d).