# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY P. STORMS, | Civil Action No. 14 – 554 |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT MARK CAPOZZA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |
| Respondents. | |

## **MEMORANDUM OPINION**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Timothy P. Storms ("Petitioner"). (ECF No. 1.) Petitioner challenges the Board of Probation and Parole's ("the Board") decision to rescind his unexecuted conditional grant of parole due to a misconduct. For the reasons set forth below, Petitioner's application for federal habeas corpus relief should be dismissed as moot as he was granted parole on June 1, 2015.

By way of background, on August 15, 2005, Petitioner was sentenced to 7 years to 14 years of incarceration for committing the crime of Possession with Intent to Deliver a Controlled Substance. (Resp't Ex. A; ECF No. 4-1 at pp.2-4.) The Department of Corrections ("DOC") calculated Petitioner's minimum sentence date to be March 2, 2012 and his maximum sentence date to expire on March 2, 2019. Id.

By a decision rendered December 28, 2011, the Board provided Petitioner with notice of the Board's decision to give him an unexecuted conditional grant of parole on or after March 2, 2012 "to an approved home plan upon condition that there are no misconducts." (Resp't Ex. B; ECF No. 4-1 at pp.6-7.)

By a decision rendered July 2, 2012, the Board provided Petitioner with notice of its decision to rescind its unexecuted conditional grant of parole of December 28, 2011 due to Petitioner receiving a misconduct. (Resp't Ex. C; ECF No. 4-1 at p.9.) The misconduct upon which the Board relied on in making its decision to rescind Petitioner's unexecuted conditional grant of parole was based on the DOC's finding that Petitioner possessed contraband in the form of prescription narcotic drugs while he was on pre-release. (Pet'r Ex. C; ECF No. 1-3) (Pet'r Ex. D; ECF No. 1-4.)

Subsequently, by a decision rendered January 4, 2013, the Board refused Petitioner parole for the following reasons: (1) his institutional behavior, including reported misconducts; (2) his risk and needs assessment indicating his level of risk to the community; (3) the negative recommendation made by the DOC; (4) Petitioner's pre-release failure; (5) Petitioner's prior unsatisfactory parole supervision history; (6) reports, evaluations and assessments/level of risk indicating his risk to the community; (7) his failure to demonstrate motivation for success; and (8) his lack of remorse for the offense(s) committed. (Resp't Ex. D; ECF No. 4-1 at pp.11-12.)

On January 15, 2014, the Board refused Petitioner parole for the following reasons: (1) the need to participate in and complete additional institutional programs; (2) risk and needs assessment indicating Petitioner's level of risk to the community; (3) Petitioner's pre-release failure; (4) Petitioner's prior unsatisfactory parole supervision history; (5) reports, evaluations and assessments/level of risk indicating his risk to the community; (6) failure to demonstrate

motivation for success; (7) Petitioner's minimization/denial of the nature and circumstances of the offense(s) committed. (Resp't Ex. E; ECF No. 4-1 at pp.14-15.) The January 15, 2014 decision also informed Petitioner that the Board would review him again for parole in or after December 2014, where it would review his file and consider (1) whether he maintained a favorable recommendation for parole from the DOC; (2) whether he maintained a clear conduct record; and (3) evaluation for therapeutic community, and if recommended, must participate in therapeutic community to be available at time of review. Id.

On April 24, 2014, the Board received a request for administrative review dated April 14, 2014 of the Board's refusal to release him on parole. (Resp't Ex. F; ECF No. 4-1 at p.17.)

On April 28, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents responded with an Answer on June 19, 2014. (ECF No. 4.)

At this time, this Court takes judicial notice that Petitioner was paroled on June 1, 2015, (ECF No. 13), and because Petitioner has been released from custody, his Petition is now moot.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. See also Spencer v. Kemna, 523 U.S. 1 (1998); Maleng v. Cook, 490 U.S. 488, 491-492 (1989) (habeas petitioner does not remain "in custody" under

3

conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir.1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

Through the mere passage of time, Petitioner has obtained the requested relief, to be paroled. In these circumstances, there is no case or controversy for this Court to consider and there is no further relief for the Court to grant. Consequently, the Petition will be dismissed as moot. A separate Order will issue.

Dated: May 4, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Timothy P. Storms
GH-3842
301 Washington Street
Johnstown, PA 15901

Counsel of record
*Via ECF electronic mail*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY P. STORMS, | ) | |
| | ) | Civil Action No. 14 – 554 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT MARK CAPOZZA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

AND NOW, this 4th day of May, 2016, and in accordance with the Court's Memorandum Opinion,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed as moot.

IT IS FURTHER ORDERED that a Certificate of Appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court mark this case closed.

AND IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

_____
Lisa Pupo Lenihan
United States Magistrate Judge